IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CEDARBROOK DEVELOPMENT, LTD. | : | CASE NO. C-3-97-257 |
| Plaintiff | : | (Judge Walter H. Rice) |
| vs. | : | **AMENDED JUDGMENT ORDER** |
| CITY OF VANDALIA, OHIO | : | |
| Defendant | : | |

At the time the original Substituted Judgment Order was entered on May 11, 1998, Plaintiff was the owner of approximately 43 acres of land in the City of Vandalia, Ohio which at the time of purchase of said property by the Plaintiff was zoned as a Planned Unit Development, under the provisions of the City of Vandalia Zoning Ordinance. ("Property") At the time of the purchase by the Plaintiff, the Property was further restricted on how it could be developed as a result of a Judgment Entry entered by the Common Pleas Court of Montgomery County, Ohio, in case number 137338 on or about July 1, 1971, which inter alia limited the nature and extent of development on the Property to a total of 564 units with not more than 275 multi-family units being subsidized housing, and not more than a total of 289 units as unsubsidized multi-family housing.

It has been determined by this Court that its findings hereinafter set forth are in all respects consistent with the Decision of the Montgomery County Common Pleas Court in case number 137338, dated July 1, 1971, in that the development standards hereinafter permitted are significantly more restrictive and all encompassing, than as set forth in said Judgment Entry of the Common Pleas Court of Montgomery County, Ohio, thus do not, in any way prejudice the Plaintiff in said action whose concern was limited to the development standards for the Property in the first place.

Further, the Court finds that the unique peculiarities of the facts surrounding this case dictate the results hereinafter specified. The Substituted Judgment Order and this Amended Judgment Order are in no way to be considered to be a general pronouncement on the invalidity of any actions taken by the City of Vandalia, Ohio, or with regard to the zoning laws, rules, and ordinances of the City of Vandalia, Ohio at issue. Accordingly, the Substituted Judgment Order and this Amended Judgment Order are specifically limited to its facts.

9867758v1

For purposes of the original Substituted Judgment Order,(and this Amended Judgment Order the 43 acre tract of land owned by the Plaintiff was considered as four separate parcels referenced as follows: the 3.7 acre tract; the 4.1 acre tract; the 14.3 acre tract and the 21.4 acre tract. The exact acreage may vary +/- when a professional survey is completed. The location of each parcel is set forth in the diagram attached to this Order. So as to conclude the then-pending litigation, the City of Vandalia, Ohio agreed that each tract could be developed in the following manner as a Planned Unit Development in accordance with the development standards of the City of Vandalia, Ohio zoning ordinance and all other applicable ordinances of the city in existence at the time application is made for zoning and building certificate:

The 3.7 Acre Tract:

> This tract has been developed consistent with the original Substituted Judgment Order as an assisted living facility.

The 4.1 Acre Tract:

> The Plaintiff[1] will be permitted to construct an "assisted living facility" not to exceed 50 units on this tract. Said facility shall be of a quality similar to the project previously proposed to the City of Vandalia known as an assisted living facility at the northwest corner of North Dixie Drive and Mulberry. In the event an "assisted living facility" is not constructed on said tract, multi-family units constructed in accordance with the R-8 development standards of the city's zoning ordinance in effect at the time of said development may be constructed. Said units shall be condominiums and shall not exceed 50 in number.

The 14.3 Acre Tract:

> No structure or facility shall be constructed on this tract. It shall be maintained in its natural state without the removal of vegetation. No dumping, storing or depositing of materials or debris shall be permitted on this tract.

The 21.4 Acre Tract:

> The Plaintiff will be permitted to construct multi-family units not to exceed 150 units on this tract. No such units shall be constructed more than 100 feet north of the sanitary sewer line traversing the tract and an effort shall be made by the

---

[1] All references to the Plaintiff for purposes of developing the tracts at issue include Plaintiff's successors and assigns or any successors in interest to the Plaintiff in the event the property is sold or otherwise transferred.

2

Plaintiff to construct all of such units to the south of said sewer line. The parties acknowledge that the southern portion of this tract (south of the sanitary sewer line) has been developed consistent with the original Substituted Judgment Order.

To the north of the sanitary sewer line and for a distance of no more than 100 feet south of said sanitary sewer line, the Plaintiff will be permitted to construct a multi-family facility intended and operated for occupancy by persons 55 years or older, or an assisted living facility. For either type of facility, there shall be a maximum of 100 units and each such unit shall have no more than two bedrooms. Any such facility shall be of a quality similar to Lincoln Park of Kettering or Mercy Sienna Woods of Dayton.

All four tracts shall be developed in accordance with the following general conditions:

GENERAL CONDITIONS

1. A 100 foot buffer zone in which no construction shall be permitted shall be maintained along the northern edge of the 21.4 acre tract. This buffer zone shall be landscaped in accordance with the landscape requirements of the City of Vandalia Zoning Ordinance in effect at the time of development or, at the discretion of city staff, maintained in a natural state.

2. A decorative gate of sufficient width to allow passage of city fire apparatus shall be erected at the current terminus of Birnum Woods Lane which shall be closed to all through traffic except emergency vehicles. This gate shall be supported by fired brick pillars on either side and shall be locked at all times. The City of Vandalia shall be given a key to the lock on said gate so as to permit access from Birnum Woods Lane in case of emergency. An emergency hard surface access will be constructed by the developer of the tract per the requirements of the City of Vandalia Engineering and Fire Departments from the terminus of Birnum Woods Lane which hard surface access shall connect to the development in the 2.14 acre tract so as to allow emergency vehicle access from Birnum Woods Lane through the 21.4 acre tract to all four tracts. Said roadway shall be laid out and buffered in such a fashion so as to preclude visualization from Birnum Woods Lane of development on the 21.4 acre tract.

3

3. The property shall be developed in accordance with the development standards of the city's zoning ordinance in effect at the time of development and the provisions of all applicable City of Vandalia ordinances in effect at the time development or construction is undertaken. Any reference to the necessity of compliance with the development standards of the City of Vandalia, Ohio zoning ordinance and all other applicable ordinances of the City in existence at the time application is made for a zoning and/or building certificate, or "in effect at the time of said development or construction," does not apply to the uses or the number of units herein set forth by tract. The uses and number of units to which the Property can be put are determined by this the Substitute Judgment Order and this Amended Judgment Order and shall apply regardless of any subsequent changes in the zoning laws or other applicable laws for the City of Vandalia, Ohio. Development standards that may change by subsequent amendment of the zoning laws or other applicable laws of the City of Vandalia, Ohio, different than the development standards under current zoning laws or other applicable laws, that can be reasonably applied to the uses and number of units without adversely impacting upon the ability of the Plaintiff to develop any part of the Property for the uses and number of units as hereinabove set forth shall be applicable. All plans shall be reviewed by the City of Vandalia and if they comply with this Agreed Order, the City of Vandalia shall issue a zoning certificate so that construction and development of the property may proceed.

4. No construction traffic shall be permitted to access any of the four tracts from Birnum Woods Lane.

5. A 50 foot buffer will be required on the northern edge of the 3.7 and the 4.1 acre tracts.

6. In the event an "Assisted Living" facility is built on the 4.1 acre tract or the northern portion of the 21.4 acre tract, the "Conditional Use" shall be deemed approved.

7. The 21.4 acre tract may be split so as to have separate ownership of the retirement or assisted living development and the multifamily development.

9867758v1

8. Any reference to the age of potential tenants for the housing anticipated on any of the tracts shall be goal oriented and not mandatory, it being recognized that there are certain laws, rules and regulations at both the state and federal level that prohibit discrimination in housing. The intent of the parties, however, is that at least 100 units to be constructed on the 21.4 acre tract shall be constructed with the older, "empty nester," retired family, and/or assisted living residents in mind, and shall be marketed to that segment of the population.

9. Although the 14.3 acre tract herein identified is a separate stand alone lot, because of the restrictions placed on the development of that tract, the Plaintiff shall provide for the care, maintenance and upkeep of the said 14.3 acre tract to at all times be the responsibility of the Owners of the 21.4 acre tract and/or the 4.1 acre tract. For as long as the Plaintiff is the owner of the 21.4 acre tract and the 4.1 acre tract, the Plaintiff shall have full responsibility for the care, maintenance and upkeep of the 14.3 acre tract. If the Plaintiff conveys either the 4.1 acre tract or any part of the 21.4 acre tract, the Plaintiff shall provide for the care, maintenance and upkeep of the 14.3 acre tract as being the responsibility of the Owner of either the 4.1 or the 21.4 acre tract as the choice of the Plaintiff by creating the appropriate deed restrictions or a separate declaration to provide for such to be approved by the City of Vandalia, Ohio.

10. For purposes of this Order, an "assisted living facility" shall be a multiple-unit facility that provides and/or arranges for daily meals, personal and other support services, health care and 24–hour oversight to persons residing in a group residential facility who need assistance with the activities of daily living.

For the purposes of the implementation of this Order, the parties hereby agree that this Court shall retain jurisdiction of this matter in accordance with Kokkonen vs. Guardian Life Ins. Co. of America, 114 S.Ct. 1673 (1994).

Further, this Amended Judgment Order hereby amends and replaces the Substituted Judgment Order filed on May 11, 1998 (Doc. #15).

9867758v1

```
                                      WALTER   HERBERT   RICE,   JUDGE
                                      UNITED STATES DISTRICT COURT
```

/s/ Susan D. Solle

Susan D. Solle (0071269)
Edward M. Kress (0010455)
Dinsmore & Shohl LLP
1 South Main Street, Suite 1300
Dayton, Ohio 45402
(937) 449-6400
(937) 449-2836 (facsimile)
susan.solle@dinsmore.com

Attorneys for Cedarbrook Development, Ltd.


/s/ Gerald L. McDonald

Gerald L. McDonald (0078525)
Pickrel Schaeffer & Ebeling Co., LPA
40 N. Main Street, Suite 2700
Dayton, Ohio 45423
(937)223-1130
(937)223-0339
gmcdonald@pselaw.com

Attorney for the City of Vandalia

9867758v1